An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY EDWARD RODRIGUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66538

FILED

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, felon in possession of a firearm, and three counts of assault with a deadly weapon. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

First, appellant contends that the district court committed manifest error by allowing the State to introduce evidence of a bad act. *See Ledbetter v. State*, 122 Nev. 252, 259, 129 P.3d 671, 676 (2006) ("A district court's decision to admit or exclude evidence under NRS 48.045(2) rests within its sound discretion and will not be reversed on appeal absent manifest error."). Appellant challenges a statement he made to law enforcement, wherein he explained that he shot his wife after she said, "I'll just call the police on you and tell them you have [a] gun and you're a sex offender," and similar statements. We are not convinced this evidence implicates NRS 48.045(2), given that the State did not attempt to prove that appellant was a sex offender for any purpose. Regardless, the record reflects that the district court conducted a hearing, concluded that these

statements were relevant to appellant's motive, and gave an appropriate limiting instruction. *See Tavares v. State*, 117 Nev. 725, 731, 30 P.3d 1128, 1131 (2001), *holding modified by Mclellan v. State*, 124 Nev. 263, 182 P.3d 106 (2008). We conclude that appellant fails to demonstrate that the district court committed manifest error.

Second, appellant contends that the district court abused its discretion by allowing a police officer to testify that appellant did not appear to be "in shock" after the shooting. We disagree. Although the officer used the word "shock," he did so in the context of his observations as a police officer and not in a medical capacity. On cross-examination, the officer admitted that he was not qualified to make a medical determination whether appellant was "in shock," and when the prosecutor attempted to revisit the subject, the district court sustained appellant's objection. Under these circumstances, we conclude that the district court did not abuse its direction. Moreover, we conclude that any error was harmless under the circumstances. *See Tavares*, 117 Nev. at 732, 30 P.3d at 1132 (describing the harmless-error test for nonconstitutional error).

Third, appellant contends that the district court abused its discretion by refusing to admit a toxicology report showing that the victim had morphine and hydrocodone in her system when she died, which precluded him from presenting evidence supporting his theory of the case. However, while the district court initially ruled that this evidence was inadmissible, it later reconsidered its ruling and instructed the jury that the victim had consumed these substances. Therefore, we conclude that no relief is warranted.

Fourth, appellant contends that cumulative error entitles him to relief. As we have concluded that, at best, appellant demonstrated a

single error, there are no errors to cumulate. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. David A. Hardy, District Judge
Richard F. Cornell
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk